**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                             :

DONALD JAMES MONACO,      :
                             :

       Plaintiff,        :

                             :

      v.            :     Civil Action No. 02-1843 (EGS)

                             :

DEPARTMENT OF JUSTICE, _et al._,  :

                             :

       Defendants.     :
_____:

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on consideration of defendants' motion for summary judgment.  Having considered defendants' motion, plaintiff's opposition, and the record in this case, the Court will grant the motion.

### I.  Background

Plaintiff submitted two requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the Federal Bureau of Prisons ("BOP").  Kosiak Decl. ¶¶ 4, 12.

### A.  Request No. 01-2133

In December 2000, plaintiff submitted a FOIA request to BOP in which he sought tape recordings of six telephone conversations with his court-appointed attorney and an investigator.  Compl. ¶ 15.  Specifically, plaintiff requested:

> information pertaining to certain phone calls I made out of the ITS Telephones at Waseca FCI in Minnesota.  I have attached the computer related information pertaining to these calls . . ..  I'm seeking the transcripts of these recorded conversations of these calls.

1

Kosiak Decl., Attach. A.  With his FOIA request plaintiff submitted a printout which indicated the date, time, and duration of the calls and the telephone number dialed.[1]  *Id.*

BOP denied plaintiff's requests under Exemption 7(C) citing the privacy concerns of the participants in the telephone conversations.[2]  Plaintiff provided neither privacy waivers nor proof of death of the other participants in these conversations.  Kosiak Decl. ¶¶ 7-10 & Attach. I.  BOP's decision was affirmed on administrative appeal to the Office of Information and Privacy.  *Id.* ¶ 11.

### B.  Request No. 01-2514

In January 2001, plaintiff submitted a FOIA request to BOP's North Central Region for all records in BOP's possession about himself.  Kosiak Decl. ¶ 12.  Pursuant to Program Statement 1351.05, BOP interpreted his request as a request for his Central File and Medical File records at the institution of his confinement.  *Id.* ¶ 13.  BOP released 2 pages in their entirety, 2 pages with redactions, and withheld 9 pages in their entirety.  *Id.* ¶ 12 & Attach. J.  Information was withheld under Exemptions 7(C), 7(D), and 7(F).  *Id.* ¶ 12.  In addition, BOP informed plaintiff that he could request a review of the non-exempt sections of his Central File at the institution of his confinement.  *Id.* ¶ 14.  BOP's decision to withhold information under Exemptions 7(C) and 7(F) was upheld on administrative appeal to the Office of Information and

---

[1]    The calls took place on August 25 (2 calls), September 25, November 17, November 20, and November 21, 2000.  Kosiak Decl. ¶ 16.  The call on November 17, 2000 was not recorded because the dictaphone system at FCI Waseca malfunctioned and was not repaired until the following day.  *Id.*

[2]    BOP initially asserted Exemption 3 as an alternative basis for withholding this information, and later withdrew this assertion upon a determination that Exemption 3 was inapplicable.  Kosiak Decl. ¶¶ 6-7.

Privacy.  *Id.* ¶ 15.

## II.  Discussion

### A.  Standard of Review

The Court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or documentary evidence to the contrary.  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

### B.  Adequacy of Search

To obtain summary judgment, an agency must show, "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir.

1984)).  To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a nonconclusory fashion the scope and method of the agency's search.[3] *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id.* at 127.  The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998).  In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness.  *Oglesby v. United States Dep't of the Army*, 920 F.2d at 68.

None of the declarations submitted in support of defendants' summary judgment motion described the method of BOP's search.  In the circumstances of this case, however, the omission does not undermine BOP's showing of a reasonable and adequate search.

A FOIA request must "reasonably describe" the records sought.  5 U.S.C. § 552(a)(3)(A).

---

[3]     Defendants submitted the declarations of Ervin Laackman, Leanne D. Tufte and Daryl J. Kosiak in support of the motion for summary judgment.  Ervin Laackmann is a Special Invstigative Supervisor Lieutenant at FCI Waseca.  Laackmann Decl. ¶ 1.  He has access to BOP records including information about telephone monitoring systems and procedures, inmate investigations, subpoenas for telephone recordings, and telephone transactional data.  *Id.* ¶ 2.

Leeann D. Tufte is a Paralegal Specialist at the North Central Regional Office of the Federal Bureau of Prisons.  Tufte Decl. ¶ 1.  She has access to BOP records including those at FCI Waseca, a facility within the North Central Region.  *Id.* ¶ 2.

Daryl J. Kosiak is the Regional Counsel for the North Central Region of the Federal Bureau of Prisons.  Kosiak Decl. ¶ 1.  He made his declaration on the bases of his review of the relevant BOP files and records, his personal knowledge and information acquired through the performance of his official duties.  Kosiak Decl. ¶ 3.

Plaintiff's request certainly did so, as he provided a computer printout from ITS, stated the origin of the calls, and highlighted the specific calls of interest. It was reasonable for staff at FCI Waseca to confine the search to the dictaphone system at FCI Waseca on the dates, at the times, and to the specific telephone number indicated in the attachment to plaintiff's FOIA request. BOP staff located recordings of five of the six telephone conversations, copied them, and forwarded them to the North Central Regional Office for processing. Laackman Decl. ¶ 3. Further, staff explained that no inmate calls were recorded on November 17, 2000 due to equipment failure, and that plaintiff's telephone call on this date was not recorded. *Id.*

The fact that BOP did not produce a recording of this sixth call does not render its search inadequate. It is the *search* that must be reasonable; a search's adequacy is not determined by its *results*. *See Steinberg*, 23 F.3d at 551. It is plaintiff's burden in a challenge to the adequacy of an agency's search to present evidence rebutting the agency's initial showing of a good faith search. *See Maynard v. CIA*, 986 F.2d 547, 560 (2d Cir. 1993); *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351-52 (D.C. Cir. 1983). Plaintiff does not meet his burden.

With regard to plaintiff's second FOIA request for information in BOP's files about himself, a search limited to plaintiff's Central File was reasonable.[4] The Central File contained "information concerning the day-to-day activities and events occurring during the confinement of an inmate." Kosiak Decl. ¶ 26. BOP staff reviewed and processed the portion of the Central File deemed exempt from disclosure under FOIA, *id.*, and plaintiff had an opportunity to review the non-exempt portion upon request.

---

[4]     Plaintiff states that he does not request medical or psychological files pertaining to himself. *See* Plaintiff's Opposition to Defendant's Statement of Material Facts at 4.

C.  Exemption 7

1.  Law Enforcement Records

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm.  5 U.S.C. § 552(b)(7); *see FBI v. Abramson*, 456 U.S. 615, 622 (1982).  In order to withhold materials properly under Exemption 7, an agency must establish that the records at issue were compiled for law enforcement purposes, and that the material satisfies the requirements of one of the subparts of Exemption 7.  *See Pratt v. Webster*,  673 F.2d 408, 413 (D.C. Cir. 1982).

Defendants submit that BOP is a law enforcement agency, and that tapes of telephone conversations on the ITS system were compiled for law enforcement purposes.  Kosiak Decl. ¶¶ 19, 20; Tufte Decl. ¶ 6.  BOP staff members perform law enforcement functions, and are charged with the protection of inmates in its custody, staff, and the community.  Kosiak Decl. ¶ 19.  The monitoring of inmate telephone calls, except those properly placed to attorneys,[5] is done "to preserve the security and orderly management of the institution and to protect the public."  Tufte Decl. ¶ 6 (citing 28 C.F.R. § 540.102).   BOP's records, including Central Files pertaining to prisoners in BOP custody, are essential for BOP staff to carry out the agency's law enforcement mission.  *Id.* ¶¶ 19-20, 27, 29.  The Court concludes that the BOP records at issue are law enforcement records for purposes of Exemption 7.

_____

[5]     An inmate may place an unmonitored telephone call to an attorney.  Tufte Decl. ¶¶ 8, 9.  At FCI Waseca, the Warden posted a notice at each telephone warning an inmate that telephone conversations are subject to monitoring, and that use of the telephone constitutes the inmate's consent to monitoring.  Laackmann Decl. ¶ 4.  The notice further states that an inmate "must contact [his] unit team to request an unmonitored attorney call."  *Id.*; Kosiak Decl. ¶ 21.

2.  Exemption 7(C)

BOP withholds the requested tape recordings under Exemption 7(C), which protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(C).  In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of individuals mentioned in the records against the public interest in disclosure.  *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993).  Only when the public interest outweighs an individual's privacy interest is disclosure warranted.  "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'"  *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).

Plaintiff contends that there is a public interest at stake which outweighs the privacy interests of the individuals with whom he spoke in the monitored telephone calls.  He argues that the records he seeks "relate to agency operation problems and procedures . . . unlawful criminal police corruption, false reporting and obstruction of justice issues that were incorrectly used against him, along with unfair public trial and investigation standards which are intricately involved with his criminal case."  Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Request for Summary Judgment at 3.  The public should know about the "types of unlawful and obstructive barriers an indigent person like Plaintiff experiences with pre-trial Compulsory and Due Process Rights and investigation problems in a state turned federal litigation under the ineffective representation of a federal public defender office."  *Id.* at 6.  In

7

spite of his assertion of public interest, plaintiff consistently and narrowly focuses on *his* criminal prosecution and *his* innocence of the crimes for which he now is serving a prison sentence.

At the outset, plaintiff declares that this FOIA action was "ancillary . . . to his criminal Habeas Corpus Petition claiming Constitutional innocense [sic] and pending in the United States District Court of Alaska in Anchorage."  Compl. ¶ 3.  The only member of the public who would benefit from the release of the recorded calls is plaintiff himself.  His particular desire for the requested information, however, is not relevant.[6]  *See Reporters Committee*, 489 U.S. at 773. Plaintiff fails to articulate a public interest, and the privacy interests of the third parties with whom plaintiff spoke on the telephone and whose names appear in his Central File control.  BOP properly withheld information pertaining to these third parties under Exemption 7(C).

With respect to the recorded telephone calls to his attorney, plaintiff's willingness to waive attorney-client privilege, *see* Pl.'s Mem. at 4, does not alter the analysis under FOIA.  The other individuals who participated in the recorded calls are the persons whose privacy interests are protected under Exemption 7(C).  Only they can consent to the release of their portions of these calls.  *Sherman v. United States Dep't of the Army*, 244 F.3d 357, 363-64 (5th Cir. 2001) (holding that "only the individual whose informational privacy interests are protected . . . can effect a waiver of those privacy interests when they are threatened by an FOIA request").  Plaintiff admittedly failed to obtain the consent of these individuals, *see* Plaintiff's Opposition to Defendant's Statement of Material Facts at 2, and, in the absence of their consent to disclosure,

_____

[6]      Likewise, plaintiff's personal interest in information about third parties that appears in his Central File does not outweigh the privacy interests of those parties.  That information included the identity of a third party from whom plaintiff was to be separated, and the Social Security number, driver license, and criminal history of a person who wanted to visit plaintiff.  *See* Kosiak Decl., *Vaughn* Index.

BOP properly withheld the recordings.[7]

### 3. Exemption 7(F)

Exemption 7(F) protects from disclosure information contained in law enforcement records that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F).

With regard to plaintiff's request for information in his Central File, BOP withheld under Exemption 7(F) material which "identifies information and individuals under investigation for narcotics." Kosiak Decl. ¶ 32.  It also identified individuals from whom plaintiff was to be separated.  *See id.*, *Vaughn* Index.  Defendants submit that release of this information "could endanger the safety of individuals in a prison setting by identifying them as having testified against or provided information concerning another individual." *Id.* ¶ 33.  Further, this information is confidential, and release of it through a FOIA disclosure "could undermine the effectiveness of the collection of confidential information, and potentially lead to violence within the BOP system." *Id.*  Plaintiff counters by asserting a "[r]ight to know who he is being separated from and why" so that he may protect himself while in prison and later while on supervised release.  Plaintiff's Opposition to Defendant's Statement of Material Facts at 4.  The Court disagrees.

Informants' identities may be protected under Exemption 7(F).  *See Shores v. FBI*, 185 F.Supp. 2d 77, 85 (D.D.C. 2002) (protecting identities of cooperating witnesses).  There are serious security risks attendant to the disclosure of an incarcerated informant's identity.  *See*

---

[7]    Plaintiff has expressed his willingness to accept partial recordings of the telephone conversations.  *See* Plaintiff's Opposition to Defendant's Statement of Material Facts at 3.  The parties are free to make any necessary arrangements to accomplish this.

*Brady-Lunny v. Massey*, 185 F.Supp. 2d 928, 932 (C.D. Ill. 2002) (approving non-disclosure of inmates' names because of security risks "in inmate populations given inmates' gang ties, interest in escape, and motive for violence against informants and rivals").  Plaintiff is not entitled to disclosure of the identity of other inmates from whom he is separated.  *See Hidalgo v. Bureau of Prisons*, No. 00-129, slip op. at 4 (D.D.C. June 6, 2001) (withholding information about inmates from whom plaintiff was to be kept separated), *aff'd*, 2002 WL 1997999 (D.C. Cir. Aug. 29, 2002).  BOP's decision to withhold information under Exemption 7(F) was proper.

### D.  Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions.  *Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022 (D.C. Cir. 1999); 5 U.S.C. § 552(b).  The Court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof."  *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991) (quoting *Church of Scientology  v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir.1979)).

Having reviewed the agency's declarations and the *Vaughn* index submitted in support of the summary judgment motion, the Court concludes that only the exempt records or portions of records have been withheld, and that all reasonably segregable material has been released to plaintiff.  For these records, the declarations and *Vaughn* index adequately specify "in detail which portions of the document[s] are disclosable and which are allegedly exempt."  *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973).

III.  Conclusion

For the reasons stated herein, the Court concludes that BOP's searches for records responsive to plaintiff's FOIA requests were reasonable and adequate.  The agency's decision to withhold information under Exemptions 7(C) and 7(F) was proper, and it has released all reasonably segregable information.  Accordingly, the Court will grant defendants' motion for summary judgment.  An Order consistent with this Memorandum Opinion is issued separately on this same date.

Signed:       Emmet G. Sullivan
              United States District Judge
              September 24, 2003